Aaron K. Block (*Pro Hac Vice*)
Georgia Bar No. 508192
Max Marks (*Pro Hac Vice*)
Georgia Bar No. 477397
THE BLOCK FIRM, LLC
309 E. Paces Ferry Road, Suite 400
Atlanta, Georgia 30305
Tel: (404) 997-8419
aaron@blockfirmllc.com
max.marks@blockfirmllc.com

Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC
400 Capitol Mall, Suite 1620
Sacramento, California 95814
916-414-8050
cfields@candicefieldslaw.com

Leslie L. Pescia (*Pro Hac Vice*)
SIRI & GLIMSTAD LLP
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Tel: 212-532-1091
Fax: 646-417-5967
lpescia@sirillp.com

*Counsel for Plaintiffs Cassandra Edwards, Allan Amsel, Brittany Frank, and the Putative Class*

*Counsel for Plaintiff Everett Scott and the Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CASSANDRA EDWARDS, EVERETT SCOTT, ALLAN AMSEL, AND BRITTANY FRANK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC. AND APPLECARE SERVICE COMPANY, INC.,<br><br>Defendants. | Case No. 5:24-cv-05795-NW<br><br>**PLAINTIFFS' CHART OF ALLEGATIONS PURSUANT TO ORDER RE HEARING SET FOR JULY 16, 2025**<br><br>Judge:  The Honorable Noël Wise |

Pursuant to the Court's July 13, 2025, Order to file and provide "a simple chart that provides for each Plaintiff the information noted below," ECF 61, Plaintiffs set out each category of requested information below, with citations to the Consolidated Amended Class Action Complaint, ECF 26:

| Information Related to the Original Device | | | | |
|---|---|---|---|---|
| **Information** | **Cassandra Edwards** | **Everett Scott** | **Alan Amsel** | **Brittany Frank** |
| The product type and model of the original device purchased by Plaintiff | iPhone 12 Pro (¶ 14) | iPhone 13 (¶ 15) | iPhone 12 Pro Max (¶ 16) | iPhone 11 Pro Max (¶ 17) |
| The date and location of the purchase, including whether the purchase was in-person or on-line and at an Apple store or another site | October 16, 2020, ordered "from Apple" by a Florida resident; location not specified, although the implication is online because of the reference to "Apple ship[ping] the device" (¶ 14) | On or about May 1, 2023, by a California resident; location not otherwise specified (¶ 15) | November 13, 2020, through a trade-in transaction "with Apple" by a New York resident; location not otherwise specified (¶ 16) | On or around March 18, 2020, "from AT&T—an Apple Authorized Reseller" by a New York resident; location not otherwise specified (¶ 17) |
| The date, location, and price paid for the original AppleCare+ purchase | November 11, 2020; $14.19 ($13.49 + $0.70 tax); location impliedly online (¶ 14) | August 14, 2023; $7.99 before tax; location not alleged (¶ 15) | November 13, 2020; $14.38 ($13.49 + $0.89 tax); location not alleged (¶ 16) | On or before April 27, 2020; $10.79 ($9.99 + $0.80 tax); location not alleged (¶ 17) |
| The type of AppleCare+ each Plaintiff purchased (*i.e.*, monthly, annual, or fixed-term) | Monthly (¶ 14) | Monthly (¶ 15) | Monthly (¶ 16) | Monthly (¶ 17) |
| The operative terms and conditions of AppleCare+ at the time of purchase | Terms and Conditions effective from October 13, 2020, through April 19, 2021 | Terms and Conditions effective from September 7, 2022, through September 11, 2023 | Terms and Conditions effective from October 13, 2020, through April 19, 2021 | Terms and Conditions effective from March 18, 2020, through July 14, 2020 |
| Whether the price each Plaintiff paid for AppleCare+ | No (¶ 14) | No (¶ 15) | No (¶ 16) | No (¶ 17) |

| | Information Related to the Trade-in | | | |
|---|---|---|---|---|

| Information | Cassandra Edwards | Everett Scott | Alan Amsel | Brittany Frank |
|---|---|---|---|---|
| changed over time, and if so, when each change occurred and to what amount. | | | | |
| The date and location of the trade-in, including whether the trade-in was in-person at an Apple store or another store or site, and whether Plaintiff left the device being traded in at the store or Plaintiff mailed the device back to Apple at another location | January 8, 2022, trade-in "directly with Apple through Apple's official trade-in program"; the old device was traded in as part of this transaction; it is not alleged whether in-person or by mail but the implication is by mail (¶ 14) | December 28, 2023, trade-in "at an AT&T store"; the old phone was traded-in as part of this transaction (¶ 15) | October 12, 2021, trade-in at the Apple Store in Burlingame, California; the old device was traded in as part of this transaction (¶ 16) | November 13, 2022, trade-in "with AT&T"; the old device was traded in as part of this transaction; it is not alleged whether in-person or by mail (¶ 17) |
| The operative AppleCare+ terms and conditions of service at the time of trade-in | Terms and Conditions effective from January 1, 2022, through March 7, 2022 | Terms and Conditions effective from December 21, 2023, through May 6, 2024 | Terms and Conditions effective from September 14, 2021, through November 11, 2021 | Terms and Conditions effective from September 7, 2022, through September 11, 2023 |
| Whether the trade-in occurred simultaneous to the purchase of a new device | Yes (¶ 14) | Yes (¶ 15) | Yes (¶ 16) | Yes (¶ 17) |
| The product type and model of the new device | Not alleged beyond "[a]s part of this trade-in transaction, Apple sold Ms. Edwards a new phone with a new serial number" (¶ 14) | iPhone 13 Pro (¶ 15) | iPhone 13 Pro Max (¶ 16) | Not alleged (*see* ¶ 17) |
| What type of AppleCare+ plan (if any) each | Monthly (¶ 14) | Monthly (¶ 15) | Two-year, fixed-term plan (¶ 16) | Not alleged (*see* ¶ 17) |

PLAINTIFFS' CHART OF ALLEGATIONS

| Plaintiff purchased for the new device | | | | |
|---|---|---|---|---|
| **Information Related to Alleged AppleCare+ Overpayment** | | | | |
| **Information** | **Cassandra Edwards** | **Everett Scott** | **Alan Amsel** | **Brittany Frank** |
| The number of months, years, and/or other term periods, for which Plaintiff paid for AppleCare+ on the original device (1) while the device was in Plaintiff's possession and (2) in total | 45 months total ($638.55 with tax), including approximately 13 months and 28 days the device was in Plaintiff's possession<br><br>Start date: November 11, 2020<br><br>Trade-in: January 8, 2022<br><br>Final payment: July 11, 2024<br><br>(¶ 14) | Five months total ($39.95 before tax), including approximately four months and 15 days the device was in Plaintiff's possession<br><br>Start date: August 14, 2023<br><br>Trade-in: December 28, 2023<br><br>Final payment: December 14, 2023<br><br>(¶ 15) | 47 months total ($675.89 with tax), including approximately 11 months the device was in Plaintiff's possession<br><br>Start date: November 13, 2020<br><br>Trade-in: October 12, 2021<br><br>Final payment: September 12, 2024<br><br>(¶ 16) | 53 months total ($571.87 with tax), including approximately 30 months and 18 days the device was in Plaintiff's possession<br><br>Start date: April 27, 2020<br><br>Trade-in: November 13, 2022<br><br>Final payment: August 27, 2024<br><br>(¶ 17) |
| The amount Plaintiff alleges Apple wrongfully charged Plaintiff (and Plaintiff paid Apple) (1) for the months and/or terms in which the device was not in Plaintiff's possession; (2) for the prorated amount for Plaintiff's final month and/or term of subscription, and (3) in total | Plaintiff alleges (1) $439.89 in wrongful charges for 31 months the device was not in Plaintiff's possession (this period includes January 2022, which was billed three days after the trade-in, as well as the period "from February 2022 through July 2024"), (2) approximately $1.37 for the prorated amount for three days of | Plaintiff alleges (1) $0.00 in wrongful charges for months the device was not in Plaintiff's possession (*i.e.*, none), (2) approximately $4.12 before tax for the prorated amount for 16 days of Plaintiff's final month, and (3) $4.12 total<br><br>(*see* ¶ 15) | Plaintiff alleges (1) $517.68 in wrongful charges for 36 months the device was not in Plaintiff's possession, (2) approximately $0.00 for the prorated amount, as the device was traded in at the end of the contract month, and (3) $517.68 total<br><br>(*see* ¶ 16) | Plaintiff alleges (1) $237.38 in wrongful charges for 22 months the device was not in Plaintiff's possession (after correcting an arithmetic error in the complaint that indicated this amount was $248.47), (2) approximately $4.52 for the prorated amount for 13 days of Plaintiff's final month, and (3) $241.90 total |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Plaintiff's final month, and (3) $441.26 total<br><br>(*see* ¶ 14)[1] |  |  | (*see* ¶ 17) |
| The total amount, if any, Plaintiff recouped from Defendant <u>prior to Plaintiff filing this suit</u>, including: | $439.89 (¶ 14) | $0.00 (¶ 15) | $14.38 (¶ 16) | $0.00 (¶ 17) |
| Whether Apple refunded the amount in a single payment or multiple with the date and amount of each refund | Plaintiff alleges "multiple" levels of review but not the dates or refund amounts beyond the total (¶ 14) | N/A | Single payment (¶ 16) | N/A |
| Whether Apple's payment was precipitated by action(s) taken by Plaintiff and, if so, the nature of Plaintiff's action/s as <u>described in one sentence or less</u> (*e.g.*, email with customer service agent, etc.) | Plaintiff "complained to Apple," "sought refunds," and went through "multiple levels of review" to get refunds (¶ 14) | N/A | Plaintiff received a one-month refund after submitting an online refund request, after unsuccessful in-person requests at Best Buy and an Apple store (¶ 16) | N/A |
| The total amount, if any, Plaintiff recouped from Defendant <u>following the filing of this suit</u> | $2.52 (¶ 59) | $0.00 (¶ 15) | None alleged (¶ 64) | $0.00 (¶ 17) |

DATED: July 15, 2025

Respectfully submitted,

By: <u>*/s/ Aaron K. Block*</u>

Aaron K. Block (*Pro Hac Vice*)
Max Marks (*Pro Hac Vice*)
THE BLOCK FIRM, LLC

Candice L. Fields (SBN 172174)

---

[1] For the avoidance of doubt, the total figures in this row do not account for interest running on unpaid principal or other elements of damages Plaintiffs seek. *See*, *e.g.*, ECF 26 ¶ 98.

CANDICE FIELDS LAW, PC

*Counsel for Plaintiffs Edwards, Amsel, Frank, and the Putative Class*

Leslie L. Pescia (*Pro Hac Vice*)
SIRI & GLIMSTAD LLP

*Counsel for Plaintiff Scott and the Putative Class*

**SIGNATURE ATTESTATION**

I, Aaron K. Block, am the CM/ECF user whose ID and password are being used to file this Plaintiffs' Chart of Allegations. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

_s/ Aaron K. Block_

Aaron K. Block (*Pro Hac Vice*)
THE BLOCK FIRM LLC

*Counsel for Plaintiffs Edwards, Amsel, Frank, and the Putative Class*