Aaron K. Block (*Pro Hac Vice*)
Max Marks (*Pro Hac Vice*)
THE BLOCK FIRM, LLC
309 Paces Ferry Road, Suite 400
Atlanta, Georgia 30305
Tel: (404) 997-8419
aaron@blockfirmllc.com
max.marks@blockfirmllc.com

Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC
400 Capitol Mall, Suite 1620
Sacramento, California 95814
Tel: (916) 414-8050
cfields@candicefieldslaw.com

*Counsel for Plaintiffs Cassandra Edwards, Allan Amsel, Brittany Frank, and the Putative Class*

Leslie L. Pescia (*Pro Hac Vice*)
SIRI & GLIMSTAD LLP
700 S. Flower Street, Suite 1000
Los Angles, CA 90017
Tel: 212-532-1091
lpescia@sirillp.com

*Counsel for Plaintiff Everett Scott and the Putative Class*

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
chris.johnstone@wilmerhale.com

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Apple Inc. and AppleCare Service Company, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CASSANDRA EDWARDS, EVERETT SCOTT, ALLAN AMSEL, AND BRITTANY FRANK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC. AND APPLECARE SERVICE COMPANY, INC.,<br><br>Defendants. | Case No. 5:24-cv-05795-NW<br><br>**ESI STIPULATION AND [PROPOSED] ORDER**<br><br>Judge:  The Honorable Noël Wise |

Plaintiffs Cassandra Edwards, Everett Scott, Allan Amsel, and Brittany Frank ("Plaintiffs") and Defendants Apple Inc. and AppleCare Service Company, Inc. ("Apple") hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. **Search.**  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents).  The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2. **Cooperation.**  The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

   A. PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

B.  For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

C.  **Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

D.  **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

4.  **Format for production of documents – hardcopy or paper documents.**  All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

5.  **Source code.** This Stipulation does not govern the format for production of source code.

6.  **Parent and child emails.**  The parties shall produce email attachments sequentially after the parent email.

7.  **Native files.**  The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief

from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

8. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

9. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

10. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

11. **Document preservation.** The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI shall be consistent with their obligations set forth in Rule 26 of the Federal Rules of Civil Procedure. The parties represent that they have issued litigation hold notices to individuals whom they reasonably believe to possess relevant documents. To the extent required, the parties represent that they have taken reasonable and proportionate steps to suspend or modify regular or automatic policies or practices that would result in the loss of relevant documents. The parties shall have a continuing obligation to take reasonable and proportionate steps to identify sources of relevant documents and preserve such documents.

12. **Modification**. This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

DATED: August 5, 2025                Respectfully submitted,

By: /s/ Aaron K. Block

Aaron K. Block (*Pro Hac Vice*)
Max Marks (*Pro Hac Vice*)
THE BLOCK FIRM, LLC

Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC

*Counsel for Plaintiffs Edwards, Amsel, Frank, and the Putative Class*

Leslie L. Pescia (*Pro Hac Vice*)
SIRI & GLIMSTAD LLP

*Counsel for Plaintiff Scott and the Putative Class*

DATED: August 5, 2025                Respectfully submitted,

By: /s/ Jennifer Milici
Jennifer Milici (*pro hac vice*)
Chris Johnstone (SBN 242152)
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP

*Attorneys for Defendants Apple Inc. and AppleCare Service Company, Inc.*

**SIGNATURE ATTESTATION**

I, Jennifer Milici, am the CM/ECF user whose ID and password are being used to file this Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials.  In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  August 5, 2025

Respectfully submitted,

WILMER CUTLER PICKERING
   HALE AND DORR LLP

By: */s/ Jennifer Milici*
Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 663-6000
jennifer.milici@wilmerhale.com

*Attorney for Defendants Apple Inc. and AppleCare Service Company, Inc.*

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated _____, 2025          By: _____
                                         Hon. Noël Wise
                                         United States District Judge

# EXHIBIT A

# TABLE OF METADATA FIELDS

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |

| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
|---|---|---|---|---|
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |