Aaron K. Block (*Pro Hac Vice*)
Max Marks (*Pro Hac Vice*)
THE BLOCK FIRM LLC
309 Paces Ferry Road, Suite 400
Atlanta, Georgia 30305
Tel: (404) 997-8419
*aaron@blockfirmllc.com*
*max.marks@blockfirmllc.com*

Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC
400 Capitol Mall, Suite 1620
Sacramento, California 95814
Tel: (916) 414-8050
*cfields@candicefieldslaw.com*

*Counsel for Plaintiffs Cassandra Edwards, Allan
Amsel, Brittany Frank, and the Putative Class*

Chris Johnstone, SBN 242152
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
*chris.johnstone@wilmerhale.com*

Jennifer Milici (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
*jennifer.milici@wilmerhale.com*

Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
*alan.schoenfeld@wilmerhale.com*

*Attorneys for Defendants Apple Inc. and
AppleCare Service Company, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CASSANDRA EDWARDS, EVERETT SCOTT, ALLAN AMSEL, AND BRITTANY FRANK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC. AND APPLECARE SERVICE COMPANY, INC.,<br><br>Defendants. | Case No. 5:24-cv-05795-NW<br><br>**RENEWED JOINT STIPULATION AND [PROPOSED] ORDER FOR STAY OF CASE DEADLINES**<br><br>Judge:  The Honorable Noël Wise |

Pursuant to Civil Local Rule 6-2 and 7-12 and the Court's April 2, 2026 Order, *see* Dkt. 85, Plaintiffs Cassandra Edwards, Allan Amsel, and Brittany Frank ("Plaintiffs") and Defendants Apple Inc. and AppleCare Service Company, Inc. (collectively, "Apple" and together with Plaintiffs, the "Parties"), by and through their respective counsel of record, hereby stipulate to, and respectfully request, a stay of all case deadlines to allow the Parties to engage in settlement discussions and pursue private mediation.[1]

WHEREAS, Plaintiff Cassandra Edwards filed her initial Complaint on August 23, 2024;

WHEREAS, Plaintiff Everett Scott filed his initial Complaint on September 30, 2024;

WHEREAS, on October 29, 2024, the Court entered an order relating and consolidating Edwards's and Scott's cases, and ordering Plaintiffs to file a Consolidated Amended Class Action Complaint ("CAC") by November 15, 2024;

WHEREAS, Plaintiffs filed the CAC on November 15, 2024, which added additional named Plaintiffs Brittany Frank and Allan Amsel;

WHEREAS, Apple filed a motion to dismiss the CAC on December 13, 2024, and filed a related motion to stay discovery pending resolution of Apple's motion to dismiss on June 11, 2025;

WHEREAS, on July 31, 2025, the Court granted in part and denied in part Apple's motion to dismiss the CAC and denied Apple's motion to stay discovery;

WHEREAS, the Parties exchanged Initial Disclosures on August 7, 2025;

WHEREAS, on October 24, 2025, the Court entered an order setting the operative case schedule, under which the Parties' next case deadline is the close of fact discovery on July 24, 2026;

WHEREAS, the Parties have been actively engaged in fact discovery—including production of documents and responses to written discovery requests, as well as third party discovery—since the exchange of Initial Disclosures on August 7, 2025, and, prior to that, Plaintiffs' service of written discovery requests on May 28, 2025;

WHEREAS, the Parties recently agreed to engage in private mediation, and on March 30, 2026, filed an initial Joint Stipulation and [Proposed] Order for Stay of Case Deadlines to allow the Parties

---

[1] Counsel for the Parties understand that Plaintiff Scott will be voluntarily dismissing his claims pursuant to Federal Rule of Civil Procedure 41.

No. 5:24-cv-05795-NW

JOINT STIPULATION AND ~~[PROPOSED]~~
ORDER FOR STAY OF CASE DEADLINES

to focus their efforts on the process of selecting a mutually agreeable mediator; scheduling a mediation session; and gathering information required to inform the Parties' positions as to a fair and reasonable settlement of this action;

WHEREAS, on April 2, 2026, the Court held a Case Management Conference to discuss the timing of mediation and effect of a stay on the case schedule and denied the Parties' initial Joint Stipulation "without prejudice to renew provided the Parties addressed the concerns the Court expressed on the record on April 2, 2026 in any renewed stipulation," Dkt. 85, including the objectives of having this case ready for trial by August 2027, three years after filing, and a class certification deadline of late summer 2026, Tr. at 4–5; 14;

WHEREAS, on April 8, 2026, the Parties met and conferred to discuss the Court's concerns and come to agreement on the timing of mediation, tasks to be completed ahead of mediation, the litigation schedule should mediation not be successful, and a renewed Joint Stipulation;

WHEREAS, Plaintiffs' putative class is defined as "All individuals who traded in or returned a Covered Device under an AppleCare+ contract in the last four years whose contract was not immediately cancelled, resulting in continuing subscription fees and/or a failure to provide prorated refunds," Dkt. 26 ¶ 69;

WHEREAS, the Parties agree that for purposes of mediation, it is necessary to prioritize the collection and exchange of (1) Apple internal data reflecting the refunds that Apple has already provided to putative class members who traded in or returned Covered Devices directly to Apple and continued to be charged for AppleCare+ coverage and/or did not receive prorated refunds for unused coverage; (2) third-party data that may allow the Parties to identify putative class members who traded in or returned Covered Devices to an Apple Authorized Reseller and continued to be charged for AppleCare+ coverage and/or did not receive prorated refunds for unused coverage; and (3) Apple internal data that may serve as a proxy for estimating the scope of the putative class of customers who traded in or returned Covered Devices to an Apple Authorized Reseller and continued to be charged for AppleCare+ coverage and/or did not receive prorated refunds for unused coverage, to the extent third-party data is not available;

WHEREAS, Apple is in the process of collecting the data described in (1) and (3) above, which

No. 5:24-cv-05795-NW

JOINT STIPULATION AND [PROPOSED]
ORDER FOR STAY OF CASE DEADLINES

requires coordination with multiple internal teams and collection from multiple data sources, and the Parties are working cooperatively to prepare and serve subpoenas, building on prior subpoenas to and responses from pertinent third-parties, requesting the third-party data described in (2) above;

WHEREAS, the parties anticipate finalizing and serving the subpoenas described above by April 20, 2026;

WHEREAS, based on prior subpoena responses, the Parties anticipate that it may take weeks if not months to collect and have experts analyze available third-party data described in (2) above;

WHEREAS, the materials and efforts described above are also important to preparing this case for trial, should the Parties be unable to resolve this matter at mediation;

WHEREAS, the Parties agree that while an understanding of Plaintiffs' arguments in support of class certification would inform the Parties' settlement positions, it is not necessary for Plaintiffs to file their class certification motion, or for the Parties to fully brief that motion, in advance of mediation; instead, Plaintiffs will share their anticipated class certification brief and pertinent expert report with Apple pursuant to Rule 408;

WHEREAS, the Parties agree that they will continue to advance focused discovery efforts beyond the items above ahead of mediation such that they can promptly proceed with custodial and further ESI discovery and deposition discovery to ensure that this matter is ready for trial by August 2027 should mediation not succeed;

WHEREAS, the Parties agree that an August mediation strikes an appropriate balance between allowing the Parties time to focus their efforts on prioritizing the ongoing collection, exchange, and analysis of the third-party and Apple-internal data to inform their positions on a fair and reasonable settlement, while also allowing for a modified case schedule, as proposed below, that would accommodate a trial by the end of the summer of 2027, should mediation be unsuccessful;

WHEREAS, the Parties have now scheduled mediation with a mutually agreeable private mediator for August 28, 2026;

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

No. 5:24-cv-05795-NW

JOINT STIPULATION AND [PROPOSED]
ORDER FOR STAY OF CASE DEADLINES

1.      This action shall be stayed through September 4, 2026, one week after the parties' participation in private mediation; provided, however, that the parties retain the right to conduct discovery reasonably necessary to inform mediation including the use of third-party subpoenas;

2.      Apple will prioritize collection and production of the Apple internal data required to inform the Parties' settlement positions by May 29, 2026, subject to any unavoidable delays that may arise in the collection and production process, while endeavoring to make rolling productions to the extent possible ahead of said date;

3.      To further inform the Parties' settlement positions, Plaintiffs will provide Apple with their anticipated motion for class certification by May 29, 2026;

4.      The Parties will submit a joint status report on or before June 5, 2026 to inform the Court of the status of pre-mediation data collection and production, including the status of the Parties' third-party subpoena requests;

5.      After completion of the priority items above within the Parties' control, the Parties will negotiate and agree to custodians, search terms, search locations, and other items related to the scope of the custodial and further ESI review and production that the Parties will undertake should mediation be unsuccessful, but the Parties will not move forward with such ESI review and production, or depositions, during the stay;

6.      The Parties will submit a further joint status report on or before September 4, 2026, informing the Court of the status of their efforts to resolve this action through mediation and, if mediation is unsuccessful, proposing an updated case schedule with an August 2027 trial date. Assuming an August 23, 2027, trial date consistent with the Court's comments at the April 2, 2026, case management conference (*i.e.*, three years after the original Complaint was filed) and subject to the Court's consideration and approval, the Parties anticipate proposing a schedule tracking the dates outlined below, should mediation be unsuccessful:

- **September 11, 2026:** Class Certification Deadline;
- **February 12, 2027:** Fact Discovery Deadline;
- **February 26, 2027:** Opening Expert Reports;
- **March 19, 2027:** Rebuttal Expert Reports;

- **April 2, 2027:** Close of Expert Discovery; and

- **April 16, 2027:** Dispositive/*Daubert* Motion Deadline (*i.e.*, "129 days before trial," per the Court's Standing Order);

7.     Except as expressly provided herein, nothing in this Stipulation shall be construed as a waiver of any of the Parties' rights, claims, defenses, or arguments in this action.

DATED: April 17, 2026            Respectfully submitted,

By: */s/ Jennifer Milici*
Jennifer Milici (*pro hac vice*)
Chris Johnstone (SBN 242152)
Alan Schoenfeld (*pro hac vice*)
WILMER CULTER PICKERING
   HALE AND DORR LLP

*Attorneys for Defendants Apple Inc. and AppleCare Service Company, Inc.*

DATED: April 17, 2026            Respectfully submitted,

By: */s/ Aaron K. Block*
Aaron K. Block (*Pro Hac Vice*)
Max Marks (*Pro Hac Vice*)
THE BLOCK FIRM LLC
Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC

*Counsel for Plaintiffs Edwards, Amsel, Frank, and the Putative Class*

## [PROPOSED] ORDER

Having considered the Parties' stipulation, IT IS HEREBY ORDERED THAT:

1. This action shall be stayed, and all case deadlines shall be held in abeyance, through September 4, 2026; provided, however, that the Parties retain the right to conduct discovery reasonably necessary to informed mediation including the use of third-party subpoenas;

2. The Parties will submit a joint status report on or before June 26, 2026 to inform the Court of the status of pre-mediation data collection and production, including the status of the Parties' third-party subpoena requests;

3. The Parties will submit a further joint status report on or before September 4, 2026, informing the Court of the status of their efforts to resolve this action through mediation and, if mediation is unsuccessful, proposing an updated case schedule with a summer 2027 trial date.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated _____April 21_____, 2026          By: _____

Hon. Noël Wise
United States District Judge

No. 5:24-cv-05795-NW                    Joint Stipulation and [Proposed]
                                        Order for Stay of Case Deadlines