Aaron K. Block (*Pro Hac Vice*)
Georgia Bar No. 508192
Max Marks (*Pro Hac Vice*)
Georgia Bar No. 477397
THE BLOCK FIRM, LLC
309 E. Paces Ferry Road, Suite 400
Atlanta, Georgia 30305
Tel: (404) 997-8419
aaron@blockfirmllc.com
max.marks@blockfirmllc.com

Candice L. Fields (SBN 172174)
CANDICE FIELDS LAW, PC
400 Capitol Mall, Suite 1620
Sacramento, California 95814
916-414-8050
cfields@candicefieldslaw.com

*Counsel for Plaintiffs Cassandra Edwards, Allan*
*Amsel, Brittany Frank, and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CASSANDRA EDWARDS, EVERETT SCOTT, ALLAN AMSEL, AND BRITTANY FRANK<br><br>    Plaintiffs, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>APPLE INC. AND APPLECARE SERVICE COMPANY, INC.,<br><br>    Defendants. | Case No. 5:24-cv-05795<br><br>**UNOPPOSED MOTION FOR ORDER RE: PRODUCTION OF NON-PARTY RECORDS PURSUANT TO SUBPOENA** |

Plaintiffs Cassandra Edwards, Allan Amsel, and Brittany Frank ("Plaintiffs") respectfully request that the Court enter the attached proposed order enabling third-party subpoena respondent Verizon Wireless ("Verizon") to produce certain customer records, and show the Court as follows:

1. Plaintiffs served a subpoena dated April 20, 2026, requesting information from Verizon, including information relating to customer equipment and transactions. A true and correct copy of the document subpoena served on Verizon ("Subpoena") is attached hereto as Exhibit A.

2. Non-Party Verizon is compiling information responsive to the Subpoena and is prepared to produce it (subject to the terms and protections of the protective order entered in this case) after this Court enters an Order pursuant to California Public Utilities Code ("CPUC") § 2894, finding good cause for the production of such information sought in the Subpoena and requiring Verizon to turn over the requested information.

3. Plaintiffs believe such good cause exists under CPUC § 2894 because the requested records are relevant to the claims and defenses in this litigation and subject to disclosure upon court order. *See Martin v. Global Tel\*Link Corp.,* 2017 U.S. Dist. LEXIS 225617, at \*6 (C.D. Cal. Dec. 6, 2017); *see also Hoagland v. Axos Bank*, 2021 U.S. Dist. LEXIS 221542, at \*2 (S.D. Cal. Nov. 16, 2021) ("California law permits the production of subscriber information pursuant to a court order."). Verizon is prepared to produce responsive information pursuant to such an order.

4. Under California law, telecommunications carriers are prohibited from disclosing customer-identifying information absent express customer consent or a court order. CPUC §§ 2891 and 2894. Section 2894 provides a limited exception that permits such disclosure upon a court finding of good cause.

5. Plaintiffs seek data from Verizon relevant to the claims in this case, and all disclosures will be subject to a protective order. Verizon is subject to the disclosure restrictions and protections under the CPUC.

6. Verizon agrees to produce information or records responsive to the Subpoena during the relevant time period to the extent Verizon is able to locate such information or records subject to any objections, and provided that the Court enters an order enabling

such production pursuant to the CPUC, including an order enabling production of IMEI data directly to Apple Inc.

7. Verizon and Defendants have expressly authorized Plaintiffs to state that this motion is unopposed.

8. Accordingly, Plaintiffs respectfully request that the Court enter the proposed order attached hereto.

DATED: June 25, 2026                    Respectfully submitted,

                                         By: */s/ Aaron K. Block*

                                         Aaron K. Block (*Pro Hac Vice*)
                                         Max Marks (*Pro Hac Vice*)
                                         THE BLOCK FIRM, LLC

                                         Candice L. Fields (SBN 172174)
                                         CANDICE FIELDS LAW, PC

                                         *Counsel for Plaintiffs Edwards, Amsel,*
                                         *Frank, and the Putative Class*

**SIGNATURE ATTESTATION**

I, Aaron K. Block, am the CM/ECF user whose ID and password are being used to file Plaintiffs' Unopposed Motion for Order re: Production of Non-Party Records Pursuant to Subpoena.  In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.


<u>s/ Aaron K. Block</u>

Aaron K. Block (*Pro Hac Vice*)
THE BLOCK FIRM LLC
*Counsel for Plaintiffs Edwards, Frank, Amsel, and the Putative Class*

**[PROPOSED] ORDER**

The Court, having considered Plaintiffs' Unopposed Motion for Order re: Production of Non-Party Records Pursuant to Subpoena and for good cause shown and pursuant to and in accordance with California Public Utilities Code §2894, hereby orders that Non-Party Verizon shall produce the information and/or documents requested by Plaintiffs' Subpoena to Verizon dated April 20, 2026, subject to the parameters agreed upon by the Parties and the Non-Party, including that IMEI data shall be produced directly to Apple Inc. The information shall be produced, subject to the terms and protections of the protective order in this case.

**IT IS SO ORDERED.**

Date:    June 26, 2026

By: _____

APPROVED

Judge Nathanael M. Cousins